MICHAEL RILEY v. C. J. GALARNEAULT.[1]

January 24, 1908.

Nos. 15,363—(105).

**Order for Goods—Presumption of Validity.**

One who purchases from the owner thereof an order from the manufacturer for the delivery of personal property is justified in assuming that the order is valid and free from defenses, in the absence of any representations to the contrary. However, the court was not requested to apply that specific rule of law to the facts, and, in view of the contradictory evidence as to what representations were made, no error was committed in failing to so charge the jury.

**Action against Buyer—Evidence.**

In an action by the seller of such order against the purchaser thereof, which involved the consideration for the sale of the same, the purchaser may prove, by any proper evidence, that the order was invalid, was subject to defenses as against the owner, or that the owner had reasonable cause to believe that such defenses existed. The character of evidence receivable under such circumstances is largely in the discretion of the trial court. In this respect no error was committed in ruling out certain conversations, in view of the fact that practically the same evidence was subsequently received.

**Same—Exchange.**

If the transaction was in fact an exchange of the order for the wagon, then it was immaterial that the property called for by the order had not been manufactured, provided that plaintiff was free from fault as above stated.

**Instructions—Evidence.**

The questions of fact were submitted to the jury by proper instructions, and the evidence was sufficient to sustain the verdict.

Action in the district court for Benton county to recover possession of a wagon and for eighteen dollars for the detention thereof and expense incurred in attempting to regain possession. The case was tried before Searle, J., and a jury which found that plaintiff was entitled to possession of the property, and assessed its value at twenty

[1] Reported in 114 N. W. 755.

five dollars. From an order Taylor, J., denying his motion for a new trial, defendant appealed. Affirmed...

*J. D. Sullivan,* for appellant.

*Stewart & Brower,* for respondent.

LEWIS, J.

Action in replevin to recover possession of a wagon. Defendant answered that he entered into an agreement with plaintiff to exchange the wagon in controversy for a set of bobsleds; that he received an order for the sleds upon one Jones; that plaintiff represented that Jones would honor the order and deliver the sleds, and relying on such representations he took the order and paid a difference of two dollars in cash; that he made due demand upon Jones for the sleds, who refused to honor the order; that plaintiff knew at the time that no sleds were due him from Jones and that the order would not be honored.

There was conflict of testimony at the trial. Plaintiff insisted that the transaction was purely an exchange, or trade of the order for the wagon and two dollars cash, and was made without any representation or guaranty that it would be honored, and testified: "I says, 'I am not going good on that order,' and he [defendant] took the order and stuck it in his pocket and gave me the two dollars and told me I could go and get the wagon at any time. * * * I told him I wouldn't go good for the order at all. * * * 'The order is supposed to be all right.' 'I took it that way, and you can take it that way.'" Plaintiff stated that he thought the order was good for a pair of sleds and that they would be delivered to defendant, and gave him the order with that intention. Defendant testified that shortly after receiving the order he attempted to present it, and discovered that Jones had gone out of business and that he was unable to secure the sleds, whereupon he notified plaintiff that he repudiated the trade and returned him the order, which was refused.

The court, in substance, instructed the jury that if they should find the transaction was a trade of the order for a wagon, without any false representations by the plaintiff that the order was good, then plaintiff would be entitled to recover, but if he represented that the

order was all right and would be filled, and defendant accepted it relying on such representations, then plaintiff could not recover; that if defendant asked if the order was all right, and plaintiff concealed from him any knowledge which would affect the validity of the order, then such concealment would operate as a fraud upon defendant and would prevent plaintiff from recovering. The court refused defendant's request that plaintiff could not recover if in fact the sleds called for by the order were never made by Jones. Defendant took exception to the charge that, if the jury should find that the order and not the sleds was the subject of the trade, then it would make no difference whether or not the sleds were in existence at the time of the trade.

Both parties lived in the country, some distance from St. Cloud, where Jones, a manufacturer of sleds, carried on his business. On the day of the trade, which was several months after the order was signed, they met in St. Cloud, and, if their testimony is true, neither of them knew that Jones had gone out of business. Defendant claims that he was entitled to judgment for the reason that it conclusively appears from the evidence that he accepted the order with the understanding that it was valid and no defenses existed to it. If plaintiff had made no representations whatever concerning the validity of the order, then defendant would have been justified in assuming that it was valid and that its presentation to Jones would produce the sleds; but, according to the testimony, plaintiff did not remain silent. He refused to guarantee the order, and insisted that defendant should take it as he had taken it. For this reason the court was not required to submit this proposition to the jury, and defendant made no such request. Plaintiff denied there was any defense to the order, claimed it to be good, and that he expected the sleds would be delivered upon presentation thereof. The court, in substance, charged the jury that if there was any defense to the order as between Jones and plaintiff, or if plaintiff had reason to believe that there was such a defense or that Jones would not fill the order, and failed to communicate the same to defendant, then a legal fraud was practiced upon defendant if he was thereby induced to accept the order, and plaintiff was not entitled to recover. Some attempt was made by the defense to show that Jones had a counterclaim, offset, or defense growing out of a

horse trade; but whatever controversy there might have been upon that subject was a disputed one, and the truth with respect to it was settled by the verdict of the jury.

Defendant also claims that the court erred in restricting the cross-examination with respect to the defense which Jones was entitled to set up as against plaintiff. The court sustained an objection to certain conversations which were inquired into when plaintiff was on the stand; but, if the court erred in that particular ruling, it was without prejudice. The whole matter was gone into by the defense, and, so far as appears from the record, defendant had ample opportunity to prove that the order was in fact invalid and that plaintiff had reason to believe that it would not be filled. We find no error in the rulings or in the instructions excepted to. The evidence fairly tends to support the verdict.

Affirmed.